**Paul HANSON, Petitioner–Appellant,**

v.

**Francis PHILLIPS, II, Respondent–Appellee.**

No. 04–0940.

United States Court of Appeals, Second Circuit.

Feb. 17, 2005.

---

Kerry A. Lawrence, Briccetti, Calhoun & Lawrence, LLP, White Plains, NY, for Petitioner–Appellant.

Andrew R. Kass, Assistant District Attorney for Orange County, New York (Francis D. Phillips, II, District Attorney, on the brief), Goshen, NY, for Respondent–Appellee.

PRESENT: LEVAL, STRAUB, and KATZMANN, Circuit Judges.

SUMMARY ORDER

Hanson's appeal after a decision of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge* ), denying his petition for habeas relief from a state court judgment of conviction entered after a guilty plea, is presently *sub judice*. Prior to issuance of our opinion, Respondent filed, on February 3, 2005, a motion to dismiss the appeal and revoke our stay of Hanson's state sentence based on the fugitive disentitlement doc-

trine and Hanson's failure to appear and answer state criminal charges additional to those implicated by the present appeal. Hanson, through counsel, filed papers in opposition on February 9, 2005.

Given the important legal, institutional, and equitable issues at stake, we think it prudent to, and, so, will, withhold issuance of any opinion resolving the merits of Hanson's petition and appeal until we have resolved the motion. However, we find ourselves ill-equipped on the present record to accomplish this condition precedent. By this order we remand the matter to the District Court to determine, by whatever procedures it deems necessary and appropriate, the exact circumstances surrounding Hanson's recent failures to appear in state court. This remand does not constitute a ruling. This panel retains jurisdiction to rule upon the motion and, if appropriate, decide the issues on appeal once the record has been supplemented. *See United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994). Accordingly, the Clerk is directed to issue the mandate, which shall provide that either party may restore jurisdiction over the appeal to this panel by filing timely notification with Clerk's Office after disposition of the remand.

The case is remanded for further proceedings consistent with this order.